May it please the Court, I'm Sarita Kamadi Reddy, I'm an Assistant United States Attorney in the Eastern District of New York, and I represent the government in this matter. The government filed its motion because the Court indicated in its docket that it issued a classified opinion, which we presume is an unredacted form of the opinion that it issued publicly. And in requesting that opinion, when parties requested that opinion, we were informed by the classified information security officer that there is one copy that he did not feel authorized to disseminate and that the Court was open to motion practice on the issue. That is why we filed this motion. It's one unredacted copy of the entire opinion. That's our opinion. Is that correct? Yes. Yeah, that's correct in my understanding as to how this filing was handled. And having read the correspondence attached to your letter yesterday, I can verify that Mr. Rucker accurately reported what transpired, and I can tell you why it transpired. We filed a classified opinion and a redacted version was filed on the public. That's under seal and properly secured, and an unredacted, or rather a redacted copy was publicly filed, has been reported in Wests, and is available to the public as well as to the parties. That's correct. And Mr. Rucker asked, at one point, my chambers, as the director of the opinion, I was sort of handling a lot of the mechanics, whether he could give copies to the parties. And what I had my clerk tell him was basically exactly what he said, which is kind of not our job, in a sense. And maybe I could help the understanding of what our issues are, and what I'd like your help with. Yes, Your Honor. It is, and I'm not faulting anything you said in your motion papers, because I understand why it would be expressed this way, but I would quibble at one level. We didn't redact anything. We didn't decide that XYZ information was not properly conveyed to you, or to the defense, or to anyone else. We wrote an opinion. We then submitted it as required to the intelligence community, in effect, to the people who had information, to address the question of what could be disclosed and what could not be disclosed of that opinion. There's a footnote, I think it's footnote one, in the opinion that addresses an iterative process that took place. But in the final version, after hearing their concerns and expressing some concerns of our own about maybe some things could be declassified, because we didn't really see why they should remain classified, we got to a point where we understood their concerns, they understood ours, we revised our draft in a way that produced a final opinion, which the panel regarded as the correct disposition of the case and an explanation of what needed to be said to their reasoning. That was submitted again to the classification authorities. They redacted certain information. I should stress, none of what is redacted, though they are our words, contain any information that we are aware of that is classified, except what you told us, what came from the government. So that is the state of play. What I am concerned with, and I think I can speak for both of us at this point on this, is it's not clear to me what is our authority to disclose any information to anyone. We wrote an opinion and we were told these bits are classified and shall not be released. Now as I understand our obligations as the possessors of classified information, and by the way, while we are on the subject, this is not a sealed courtroom at this moment. If anybody feels a need at some point to have it be that we can address that, Judge Carney as presider will rule on it, but I don't think anybody's got to say or would be saying anything that's classified here. We're just talking about what the right procedures are with respect to the MacGuffin that is classified or MacGuffins that are classified. It is not clear to me that we have authority to dispense with classification or to provide classified information, A, to anyone who does not have the appropriate clearances, and of course, we know from the record that defense counsel are properly cleared, but at least with respect to you folks, I'm making an assumption. I don't know that there's some procedure by which the court gets to say to you, show us your clearances before we let you have this. Okay. But B, more importantly, even for people who are properly classified, there certainly are decisions, well, the basic rules are there's a need-to-know problem, but there are also decisions saying that with respect to, not of this court, but of other circuits, saying that with respect to defense counsel, the fact that defense counsel is properly cleared is not sufficient as a basis to turn over information to them, because they may not have a need-to-know, and there may, as your brief thoroughly lays out, there are cases, many cases, indeed, it's virtually universal in the reported cases, that matters of this kind can be resolved in the district court without defense counsel getting access. And then finally, C, there is what I think may be only a technical issue, but it's an issue, as to whether we as a court of appeals have authority to even rule on whether defense counsel, or for that matter, the government, do have a need-to-know. The only statutory authority that I saw in your motion, which I was already aware of, is 50 U.S. Code section 1806F, is that, I have the right number in my head, which vests authority in a district court to make certain decisions, and contains language saying that when matters are pending before other courts, I imagine they are thinking about state courts, or in one case, military courts, when Congress drafted this, that it is the district court in the district where the issue is pending that gets to make this decision. So my question to you, and the main reason that we decided that it was appropriate to have further argument on this, is what, if anything, do you think is our authority to even make a ruling on whether it is appropriate for the government, in the first instance, to have access to this information? And then a follow-up question that you might want to bear in mind is, would it follow that we have similar authority with respect to whether or not we should do it, or it would be appropriate to do it, whether we have similar authority to make a decision with respect to any application by defense counsel? As you know, the opinion, which did not take into account the possibility that the prosecutors in the case would not have access from some other source to this information, we elected to refer that question to the district court because it seemed to us that it was in the district court that this issue would have the most importance, and since the district court unquestionably would have that authority, the district court should decide it, and we would punt, in effect, on that. But I guess I had in the back of my mind the view that it's your colleagues and another part of the government who made these redactions and said we shouldn't disclose this to anybody. They're the people who gave you the underlying classified information in the first place. While I take it it is literally correct that there is only one official dated copy stamped, filed, in effect, of the unredacted opinion in existence, that they know what it was, and they have a copy of something that was given to them from which they sent back the to be the ones who decide whether you get access. And if you have such a source of authority, does that also cover that we would be entitled to entertain an application by defense counsel of a similar sort? I understand the Court's questions in the background is very helpful. Let me try to answer each one of those concerns. First, it seems to me that the Court is being exceedingly careful here, given that we're talking about classified information, and I think that's appropriate. I think the government is being exceedingly careful not to run afoul of what we perceive to be the Court's instructions. And so I think that's why we're here today. In terms of, first, the authority of the Court to release its classified unredacted opinion to the government, my understanding comes both from the record in the district court and the procedures we have followed up to this point. But wait just a second. It has been released to the government, but your branch, your office in particular, is what we're talking about, right? So I think as an initial matter, it was not clear to us to whom it was released in the government and whether that was, in fact, a final unredacted opinion, because the CISO's instructions to us were that prior drafts were considered a work product. And so it was not clear, to me at least and to my colleagues sitting here with me today, that any drafts or versions that other components of the government have are, in fact, reflective of the final unredacted opinion. Yes. I understand that concern. And again, I'm expressing no criticism of the government. I think you, too, are proceeding with appropriate caution. And yes, it seems to me it is entirely the case, if I thought of this as a draft document, that no one would get access to that. And indeed, it was with some careful thought that we went through, as I gather other panels have in the past, a process in which the other parts of the executive branch were given access to a tentative opinion, and there was some negotiation. And again, that's why we felt it very appropriate to include a discussion in the opinion of exactly what we had done, including that that meeting was, there was a court reporter present, it was transcribed. That transcript is under seal, and it is, I would say, presumptively classified. I imagine that if anyone at some point had some legitimate reason to raise a question, that there would probably be parts of it that are not properly classified, and parts of it that would be classified. But no one, I think, has made any actual, no one with authority has made any actual determinations about that. But the, I'm telling you now, I think it is fairly inferable from the way the process has to work, that we gave them, this is the final thing now, you tell us what is going to be redacted. They sent back a version which is the redacted version that was filed publicly. It's their, that's their work product in the sense that they put the black bars on. Our final opinion, which I believe there is a docket entry saying that there is a classified opinion filed. That document is the one that you are seeking access to. That document is the one that exists in a secure location, properly secured as a sealed document. And that's what you're asking for access to. And that's what I'm asking you. So, okay, what authority do we have to say yes, if any? Right, so if essentially a copy, an accurate copy of that document already exists within government agency, and the court is not prohibiting the government, the prosecutors in this case, from accessing that, assuming that others in the government, in the executive branch consent, and the original classification authority, and associated individuals consent, then I don't think there's an issue in terms of proper access. And this application becomes moot. That's correct, Your Honor. I will say, to answer the court's question about authority, the procedure that we have followed in this case, in the district court, and in other classified, other national security cases involving classified information that I've been involved with, is that because the prosecutors in the case are representing the United States, and are the ones who are making the filings, presenting that classified information to the court, in general, the court has issued its unredacted opinion back to the, both prosecutors and sometimes other government agencies, or sometimes just to the prosecutors, in order to shepherd the opinion through the classification review process. And so, it has been my experience as a national security prosecutor, that ordinarily the court would give the unredacted version to the government prosecutors. That version would go through a classification review process, and some redacted version would be made public and given to defense counsel. And that, I realize that is an answer based on experience and not based on a directive. But that, you see, that, you see, is exactly what we decided not to do, in part because, to the extent possible, and I realize that this is all unusual in the sense that it's not the way courts typically operate. But it seemed to us that it was appropriate to do whatever we could to make sure that we were prepared to have a discussion with the authorities responsible for classified information, the classifying authorities as best we understood it. In which we could attempt to persuade them that some of what they initially wanted to redact should not be redacted, either because we did not believe that it disclosed classified information, which is ultimately not our call, or because we thought that to whatever extent it did, the public, the value of a public discussion of matters of law outweighed whatever we could see as a justification for classification, which is also not our call. So we made those arguments to them. In return, we also were interested in, well, here you're taking out one word. If you could tell us why, then we might be able to figure out, between us or just with the court doing its best and then see what they think, to figure out a substitute term that would convey the same information to the public and to defense counsel and to the district court without a need to classify it. And they were very helpful in that regard as well. But we wanted that to be distinct to the extent possible from providing a draft of an opinion to one side of the litigation and to the lawyers who were representing the United States in the case, to make that discussion as pure as it could be of any concern that the government was influencing, using the classification process to influence the actual ruling of the court in an ex parte way, and to assure to the extent possible that we would not be accusable of somehow vetting our thoughts with the government as opposed to vetting the legitimate concerns for classified information with the government. And it seemed best to avoid having members of the prosecution team in that room having that discussion. So that's why that happened that way. I again express no criticism of any other panel or judge who handled it differently or handled it through the AUSAs on the case. But we were being careful, just as we've been careful to protect classified information, and we thought this process was helpful in that regard. We also wanted to protect the role of the court as neutral arbiter of the merits of the issue. And we wanted, to the extent we had any leverage or persuasive ability at all, to try to get as much of what we had written public as possible. And in the end, speaking only for myself, I was glad we did. I think it resulted, let's just say that what happened to the first draft, in terms of what was behind black bars, we're in a much better position now. So- I understand the court's concerns about that. And when we were made aware of the court's classification review approach, we did not object. And we understand the court's reasons for that approach. I think at this point, now that the opinion is final, again, because we do believe we can obtain the opinion from other component agencies in the executive branch, I do think the government's motion is moot. But when you have a final opinion, I would also just note, it's ordinarily the case in the district court, when we have a case involving classified information, that there are protective order issues regarding classified information. And in that protective order, I pulled the one from the district court. In this case, the court is advised that the AUSAs in the case do have the proper clearances to obtain and be And that is true both for the district court proceedings and any further proceedings. And so, again, because we were on the briefs and we were the ones presenting this information to the court, we are also authorized to receive it. I can understand if the court, out of an abundance of caution, would want some additional representation from other members of the executive branch as to that effect. I can understand why that might be the case. And I can look further into whether that's something that we can include as part of our procedure. Well, I mean, we'll take this under advisement and discuss it as a slightly truncated last panel. But I would imagine that if you are representing that there are folks who could give this to you from the executive branch, who, the this being the final, a version of the final unredacted opinion which they redacted. That's between you and them. And as I said, I would have imagined that you would have access to that information. I guess I would still be interested in the somewhat academic, perhaps, question of what our authority is. In part, I'm not encouraging defense counsel to make an application to us. I think at this point, we are now at a point where this opinion is final mandate issued. Nobody's filing, re-hearing petitions in bank or anything, or is that still open? I think that will be determined in a matter of a week. Okay, well, at least once that happens, and it seems to me that if we are at a stage where this litigation is final, and from our standpoint, and there are no further appeals, and it's going back to the district court at this point, that it is still the district court that will be in the best position to decide what should be provided to defense counsel, if anything of this, to enable them to represent their client properly in the proceedings on remand. And so, it may be that there is nothing more to discuss, but do you have a position? Does the Department of Justice have a position, first of all, on the authority of the Court of Appeals to make rulings about who gets access among properly cleared counsel to redacted opinions, for example, in order to decide whether to seek further review, which was a question that had puzzled me to some degree. Your Honor, I cannot represent a position on the behalf of the Department of Justice. That is a question I would need to run up the chain. I will acknowledge Your Honor's concern that the statute is specific in stating that a United States district court in the district should make this determination, and I understand why there is some puzzlement on that issue. I think in this circumstance, the court need not address that issue, because on the question of whether disclosure here should be ex parte or should also be to the defense counsel, the law requires in this particular instance, based on the procedural posture and the findings that the court has already made, the law requires that the disclosure be ex parte. Because FISA very specifically provides that disclosure to defense may only occur in two circumstances, where it is necessary to determine the legality of the surveillance or where due process requires it. Here, the court has already determined the legality of the surveillance and remanded on one issue for the district court to decide. And due process does not require such disclosure. The court has made the determination that the redactions previously made in the district court proceedings were appropriate and did not infringe on the defendant's due process rights. And any entitlement or request for information related to the issue on remand, that process for that exists before the district court, so there's no deprivation of due process. They are free to make that motion, and in the context where the facts are going to be aired with specificity on the issue on remand, I think that is the appropriate forum for that motion. I think that's pretty much where we came out in footnote, whatever, towards the end of the opinion about what would happen going forward. And perhaps we are being excessively cautious here. But still, even with the citation you made to the protective order in the district court, that still certifies that you are properly cleared, but so are they. And so the issue of who has a need to know what. Now, I would think there are arguments that could be made by either side, that particularly with respect to some process going forward, if people had in mind appealing to the Supreme Court or something like that. That it would make a certain amount of sense to say that this court could decide whether the properly cleared people had a need to know in order to proceed with the litigation going forward. But I don't know what the statute says that we do. And that's one of the things that was a concern to me personally anyway. It also, frankly, I feel more comfortable not being the one who's making a decision about one side gets it and one side doesn't if that's a decision that we don't have to make for whatever combination of reasons. I don't think the court does, Your Honor. I think we are at that point. Well, I think if everybody's resolved then about that, I'll hear from Mr. Dratel about that. But I think I understand the government's position now is that, I guess you're not telling me the motion is withdrawn, but you're telling me it's going to be withdrawn after you have one final round with the classification, most likely, after you have one further round with the people who are going to probably give you a copy of the unredacted opinion. I think, Your Honor, given what we know about the state of the case, at this point, we can withdraw the motion. Oh, okay. All right. So you, so the motion is withdrawn. We're kind of done, but Mr. Dratel, if there's anything further you want to tell us or argue to us, I guess we're happy to hear it. Yes, you're? Just very briefly, Your Honor. Just that one is that we agree that this should be resolved in district court and that's our position, so nothing substantive has been resolved today. I just also just note that, you know, they feel left out. Imagine how we feel. Yes. And a lot of those cases are my cases, you know, so it's like it's over and over. But, you know, we're prepared to resolve it in the district court and the other ten minutes would just be venting, so I'll leave that to you. I understand why you would want to vent and it's part of the, you know, the asymmetry is kind of an issue. One of the things that occurred to me is, you know, when I first saw the motion is, but you already know what's there because you told us some of it is quotations from documents that you provided to us and that are classified. And, you know, for whatever it's worth, which is nothing, it's free advice, worth what you paid for it from someone who has no authority and does not have the expertise of the classification authorities, some of this I think, really? I mean, really? But, you know, it's not our call. And, you know, the proper people who, I will say publicly, I thought were extremely cooperative, thoughtful people who engaged in serious dialogue with us that I much appreciated and they proved their responsiveness. Mr. Jatel, if you think that there's stuff in here that you didn't see, you should have seen that last version. And some of it, you know, quite frankly, I thought after hearing what they had to say, I thought, well, okay. One could quibble about this, but I see your point and we can accomplish the same thing with a slight change of language and then everyone will be happy. So it was very productive all around. But I still wonder, you know, whether the national security really necessitates all of those redactions. But again, that's not my call. It was made by the people who had the authority and expertise to make the call and to whatever extent one might have had any suspicion about their motives, thoughts, whatever, most of that was fully dispelled by the professional way in which they conducted dialogue with us. So it is what it is, as the saying goes. Very good. All right, then thank you very much. We'll treat the motion as withdrawn and the clerk will please adjourn court.